IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-01238-CMA

MALINA LAZAROV,

    Plaintiff,

v.

JAMES KIMMEL,
SUZANNE STAIERT,
JOHN JONES,
TRENT COOPER

    Defendants.

_____

**ORDER GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT
AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**
_____

This matter is before the Court on a Motion for a More Definite Statement filed by Defendants James Kimmel, Suzanne Staiert, John Jones, and Trent Cooper (Doc. # 6) and on Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. ## 1-17 and 4). For the following reasons, Defendants' Motion for a More Definite Statement is granted and Motion to Dismiss is denied as moot.

## I. BACKGROUND

*Pro se* Plaintiff Malina V. Lazarov initially commenced this action in Arapahoe County District Court. The action arises from an allegedly "illegal citation, an illegal trial and an illegal sentence [for reporting false information]" that Defendants had "impos[ed]" upon Plaintiff after she reported a series of noise violations in her residential

building.  (Doc. # 1-3 at 2, 4-5.)  In pertinent part, Plaintiff alleges that "defendants either committed or instigated others to commit against her violations of [various rules, codes, covenants, and ordinances of Littleton, Colorado and the State of Colorado]."  (*Id.* at 2.)  Beyond citations to municipal and state rules and ordinances, the complaint does not contain any citations to federal law.

On or around April 21, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to the Colorado Governmental Immunity Act and judicial immunity. (Doc. ## 1-17 and 4.)  On May 17, 2010, Plaintiff filed a Response entitled, "Motion to Dismiss Defendants' Motion to Dismiss Plaintiff's Complaint of Them."  (Doc. # 1-38.)  In her Response, Plaintiff asserts, for the first time, that she brought this action under 42 U.S.C. § 1983 "for her deprivation of a number of rights secured by the U.S. Constitution and federal statutes by Defendants, while acting under color of state law." (Doc. # 1-38 at 3.)  Accordingly, Defendants filed a Notice of Removal on May 27, 2010. (Doc. # 1.)

On June 3, 2010, Defendants filed a Motion for a More Definite Statement.  (Doc. # 6.)  In pertinent part, Defendants seek a more definite statement because "Plaintiff's Complaint does not list specific claims for relief against Defendants" and "fails to identify which statutory or constitutional authority is implicated in [the] various allegations against each of the Defendants."  (*Id.*, ¶ 7.)

## II.  ANALYSIS

As set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the allegations in a complaint must "state a claim that is plausible on its face."  Further, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Id.*

Defendants contend that Plaintiff has not given Defendants sufficient and clear notice of the allegations against them and the grounds on which her allegations rest. Having reviewed the Complaint, which is replete with rambling and vague allegations concerning the nature of Defendants' conduct, but does not in any way reference federal law, the Court agrees.

Additionally, the Complaint fails to clearly set forth the grounds for <u>this</u> Court's, as opposed to the state court's, jurisdiction, as required under Fed. R. Civ. P. 8(a) (a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .").  However, because Plaintiff is *pro se*, the Court recognizes that she is entitled to a liberal construction of her pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Accordingly, the Court construes Plaintiff's Response brief (Doc. # 1-38), which identifies the basis for federal jurisdiction, to be a Motion to Amend her Complaint under Fed. R. Civ. P. 15.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend] when justice so requires," unless an amendment would be futile or the request is the result of undue delay or bad faith or would cause the opposing party undue prejudice.

*Forman v. Davis*, 371 U.S. 178, 182 (1962). In the instant case, the Court finds no reason to deny Plaintiff leave to amend.

Accordingly, for the foregoing reasons, Defendants' Motion for a More Definite Statement (Doc. # 6) is granted and Plaintiff is directed to file an amended complaint. Defendants' Motion to Dismiss (Doc. ## 1-17 and 4) is denied as moot.

### III. INSTRUCTIONS TO *PRO SE* PLAINTIFF

When amending her complaint, Plaintiff should be mindful that it is her responsibility to present her claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Her "complaint must explain what each defendant did to [her]; when the defendant did it; how the defendant's action harmed [her]; and, what **specific** legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).

Plaintiff's amended complaint should contain her newly-stated reasons for federal jurisdiction, clearly articulate her specific claims for relief against each Defendant, identify the federal statutory or constitutional authorities implicated in her allegations against Defendants and otherwise comport with this Order. Plaintiff is directed to file the amended complaint by no later than Monday, June 28, 2010. Further, Plaintiff is directed to file her amended complaint on a form for *pro se* plaintiffs, which is available, upon request, at the Clerk's office, pursuant to D.C.COLO.LCivR 8.1.

## IV.  CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

(1) Defendants' Motion for a More Definite Statement (Doc. #6) is GRANTED;

(2) Plaintiff is DIRECTED to file an amended complaint, which comports with this Order, <u>by no later than Monday, June 28, 2010</u>, using the complaint form for *pro se* plaintiffs that is available at the Clerk's office; and

(3) Defendants' Motion to Dismiss (Doc. ## 1-17 and 4) is DENIED AS MOOT.

DATED:  June   08  , 2010

BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge