IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01238-CMA-MJW

MALINA V.  LAZAROV,

Plaintiff(s),

v.

JAMES KIMMEL,
SUZANNE STAIERT,
JOHN JONES,   and
TRENT COOPER,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Pro Se Plaintiff's Motion for Reconsideration of Magistrate's Order Granting Defendants' Motion to Strike Plaintiff's "Amendment to Pleadings" Pursuant to Fed. R. civ. P. 12(f), Court Orders and D.C.COLO.LCivR 7.1(docket no. 75) is DENIED.

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted).  "The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order." Gagliardi v. Duran, 2009 WL 5220679, *1 (D. Colo. Dec. 31, 2009). "[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties is an interlocutory order which is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Id. (quoting Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); National. Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc., 115 F. Supp.2d 1250, 1255 (D. Colo. 2000)). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" National Bus. Brokers, 115 F. Supp.2d at 1256 (quotation and internal quotation marks omitted).  "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quotation omitted).  "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." Id.

Here, pro se plaintiff's motion for reconsideration does not set forth any manifest error of law or fact or present newly discovered evidence.  There is no compelling reason to reconsider this court's previous rulings contained in Docket No. 60.

Date:  December 15, 2010