**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01238-CMA

MALINA LAZAROV,

      Plaintiff,

v.

JAMES KIMMEL,
SUZANNE STAIERT,
JOHN JONES,
TRENT COOPER

      Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION, GRANTING
MOTION FOR LEAVE FOR ENLARGEMENT OF TIME, AND DENYING AS MOOT
PLAINTIFF'S MOTION FOR LEAVE FOR ENLARGEMENT OF TIME**

---

      This matter is before the Court on the following motions filed by *pro se* Plaintiff

Malina Lazarov:

      (1)    Plaintiff's Moton [sic] for Reconsideration of Magistrate's Order Granting
Defendants' Motion to Strike Plaintiff's "Resposive [sic] Pleading to Thiis [sic] Court's
Order Denying Her Motion to Dismiss Defendants' Reply in Support of Their Combined
Motion to Dismiss Plaintiff's Amended Complaint" Pursuant to Court Orders and
D.C.COLO.LCivR 7.1 ("Motion for Reconsideration of Order Granting Defendants'
Motion to Strike") (Doc. # 77);

      (2)    Plaintiff's Motion for Reconsideration, by District Court Judge C. Arguello, of
Magistrate Judge M. Watanabe's Order Denying Plaintiff's Motion for Reconsideration
of Magistrate's Order Granting Defendants' Motion to Vacate Settlement Conference
Scheduled for November 18, 2010 Before Magistrate Judge Watanabe ("Motion for
Reconsideration of Order Vacating Settlement Conference") (Doc. # 80);

(3)     Plaintiff's Motion for Reconsideration of Magistrate Judge Watanabe's Order Denying Plaintiff's Motion for Leave to Amend Pleadings Pursuant to Fed. R. Civ. P. 15(a)(2), Fed. R. Civ. P. 16(b)(4) and D.C.COLO.LCivR 16.1 ("Motion for Reconsideration of Order Denying Leave to Amend") (Doc. # 86);

(4)     Motion for Leave for Enlargement of Time to File a Responsive Pleading to this Court's Order Granting Defendants' Motion to Strike Plaintiff's "Responsive Pleading to this Court's Order Denying Her Motion to Dismiss Defendants' Reply in Support of Their Combined Motion to Dismiss Plaintiff's Amended Complaint" Pursuant to Court Orders and D.C.COLOLCiv.R 7.1 ("Motion for Enlargement of Time to File a Response to Order Denying Plaintiff's Motion to Dismiss Reply") (Doc. # 64); and

(5)     Motion for Leave for Enlargement of Time to File a Responsive Pleading to This Court's Order Granting Defendants' Motion to Strike Plaintiff's "Amendment to Pleadings" Pursuant to Fed. R. Civ. P. 12(f), Court Orders and D.C.COLO.LCivR 7.1 ("Motion for Enlargement of Time to File a Response to Order Striking Plaintiff's Amendment to Pleadings")  (Doc. # 66).

Defendants James Kimmel, Suzanne Staiert, John Jones, and Trent Cooper did not respond to Plaintiff's Motions for Reconsideration, and noted they "take no position on" Plaintiff's Motions for Enlargement of Time.  (Doc. ## 73, 74).  For the reasons discussed below, Plaintiffs' Motions for Reconsideration are denied, Plaintiff's Motion for Enlargement of Time to File a Response to Order Denying Plaintiff's Motion to Dismiss Defendants' Reply is granted, and Plaintiff's Motion for Enlargement of Time to File a Response to Order Striking Plaintiff's Amendment to Pleadings is denied as moot.

## I.  BACKGROUND

Plaintiff initially commenced this action in Arapahoe County District Court.  As articulated in her original complaint, the action arises from an allegedly "illegal citation, an illegal trial and an illegal sentence [for reporting false information]" that Defendants had "impos[ed]" upon Plaintiff after she reported a series of noise violations in her

residential building.  (Doc. # 1-3 at 2, 4-5.)  In pertinent part, Plaintiff alleges that

"defendants either committed or instigated others to commit against her violations of

[various rules, codes, covenants, and ordinances of Littleton, Colorado and the State

of Colorado]."  (*Id.* at 2.)

The original complaint did not contain any citations to federal law; rather, it

contained only citations to municipal and state rules.  Accordingly, on June 8, 2010, the

Court directed Plaintiff to file an amended complaint and state the "reasons for federal

jurisdiction, clearly articulate her specific claims for relief against each Defendant,

identify the federal statutory or constitutional authorities implicated in her allegations

against Defendants, and otherwise comport with [the Court's] Order."  (Doc. # 9 at 4.)

On July 7, 2010, Plaintiff filed a First Amended Complaint.  (Doc. # 15.)  While the

factual premise remains the same, Plaintiff now asserts that her claims arise under 42

U.S.C. § 1983, due to Defendants' alleged violations of Plaintiff's constitutional rights

under the First, Eighth, and Fourteenth Amendments.  (*See* Doc. # 15 at 2.)

On July 19, 2010, Defendants filed their Combined Motion to Dismiss Plaintiff's

Amended Complaint (CM/ECF Docket No. 15) Pursuant to Fed. R. Civ. P. 12(b)(6) and

Brief in Support of Motion (Doc. # 17), which was referred to Magistrate Judge Michael

J. Watanabe[1] on July 19, 2010 (Doc. # 18).  On August 26, 2010, Plaintiff filed a Motion

to Dismiss Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint

---

[1]  On June 4, 2010, this case was referred to Magistrate Judge Watanabe for the
handling of all non-dispositive, pre-trial matters and for issuing recommendations on dispositive
matters, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).  (Doc.
# 7.)

(Doc. # 30) and a Response to the Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 31).  On September 1, 2010, Defendants filed a Reply in support of their Motion to Dismiss.  (Doc. # 35.)

Although Defendants' Motion to Dismiss was fully-briefed, Plaintiff attempted to file a surreply by filing a Motion for Permission to Reply to Defendants' Reply in Support of Their Combined Motion to Dismiss Plaintiff's Amended Complaint, on September 10, 2010 (Doc. # 38), to which Plaintiff submitted an "Addition," three days later (Doc. # 40). Plaintiff made two subsequent attempts to file a surreply to Defendants' Motion to Dismiss.  On September 24, 2010, Plaintiff filed a "Request for Leave to Counterclaim to Defendants' Reply in Support of Their Combined Motion to Dismiss Plaintiff's Amended Complaint" (Doc. # 42) and, on September 29, 2010, Plaintiff filed a "Motion to Dismiss Defendants' Reply in Support of their Combined Motion to Dismiss Plaintiff's Amended Complaint" (Doc. # 44.)  Thus, Plaintiff has made three attempts to file a surreply to Defendants' Motion to Dismiss.  This Court referred all three requests to Magistrate Judge Watanabe, which requests he denied via Minute Orders.  (Doc. ## 41, 46.)

On October 18, 2010, in a **fourth** attempt to file a surreply to Defendants' Motion to Dismiss, Plaintiff filed a Responsive Pleading to This Court's Order Denying Her Motion to Dismiss Defendants' Reply in Support of Their Combined Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Court Order and D.C.COLO.LCiv.R. 7.1 ("Responsive Pleading") (Doc. # 49).  As articulated by Plaintiff, "[t]his Responsive Pleading's purpose is to affirm the veracity and validity of every claim and allegation

Plaintiff has made in her September 29, 2010 Motion to Dismiss Defendants' Reply in Support of Their Combined Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(6)," or, in other words, to restate and reiterate every argument Plaintiff had previously set forth.  (*Id.* at 1).

## II.  STANDARDS OF REVIEW

### A.    REVIEW OF A MAGISTRATE JUDGE'S DECISION

As Plaintiffs' underlying motions sought resolution of orders denying leave to file and striking of surreplies and amended pleadings, the magistrate judge's order exclusively addressed non-dispositive pretrial matters. Pursuant to Fed. R. Civ. P. 72(a), the district court must consider a party's timely objections to a magistrate judge's order on non-dispositive pre-trial matters, *i.e.*, matters that do not require a final determination or are a deciding factor of the dispute,[2] and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). Objections are timely if filed by a party within 14 days after being served a copy of the magistrate judge's order.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636.  The Court will only overturn a magistrate judge's decision if the magistrate judge abused his discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been committed."

---

[2]  *See*, *e.g.*, BLACK'S LAW DICTIONARY 211 (2d pocket ed. 2001) ("dispositive": "Being a deciding factor; (of a fact or factor) bringing about a final determination.")

*Ariza*, 167 F.R.D. at 133 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988)). – "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

The Court has conducted a *de novo* review, and for reasons discussed below, the Court finds that Magistrate Judge Watanabe's orders are not clearly erroneous or contrary to law.

## B.   PLAINTIFF'S *PRO SE* STATUS

Because Plaintiff is proceeding *pro se,* the Court, "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the plaintiff's *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## III.   ANALYSIS

## A.   PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSIVE PLEADING (Doc. # 77) AND RELATED MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO ORDER DENYING PLAINTIFF'S MOTION TO DISMISS REPLY (DOC. # 64)

On November 4, 2010, Defendants filed a "Motion to Strike Plaintiff's [Responsive Pleading]" ("Motion to Strike Plaintiff's Responsive Pleading") (Doc. # 56). Defendants construed the Responsive Pleading to be a surreply to Defendants' Motion

to Dismiss Plaintiff's Amended Complaint[3] and an objection to Magistrate Judge

Watanabe's prior orders denying Plaintiff leave to file a surreply to Defendants' Motion

to Dismiss.  As such, Defendants stated that "Plaintiff had a full and fair opportunity

to respond to Defendants' Motion" and asserted that the Court should strike Plaintiff's

Responsive Pleading and its attachments "because they are untimely as an objection

under Fed. R. Civ. P. 72 and 28 U.S.C. § 636 and because they violate the Local Rules

and the Court's Orders denying Plaintiff's request for leave to file a surreply."  (Doc.

# 56 at 2, 5.)

On November 5, 2010, via a Minute Order ("November 5 Minute Order"),

Magistrate Judge Watanabe granted Defendants' Motion to Strike and noted his prior

denials of Plaintiff's other requests to file a surreply.  (Doc. # 60.)  Accordingly, he

ordered that Plaintiff's Responsive Pleading (Doc. # 49) be stricken from the record.

Pursuant to Fed. R. Civ. P. 72(a) and Fed. R. Civ. P. 6(d),[4] any objections to the

November 5 Minute Order would have been due November 22, 2010.

On November 19, 2010, three days before any objections were due, Plaintiff filed

the Motion for Enlargement of Time to File a Response to Order Granting Defendants'

Motion to Strike Plaintiff's Responsive Pleading, seeking an enlargement of time until

December 13, 2010.  (Doc. # 64.)  In support of the Motion, Plaintiff asserted that good

---

[3]   (Defendants' Motion to Dismiss at Doc. # 17).

[4]   "When a party may or must act within a specified time after service and service is
made under Rule 5(b)(2)(C) [*i.e.*, by mail], 3 days are added after the period would otherwise
expire under Rule 6(a)."  Because Plaintiff is *pro se*, the November 5 Minute Order was served
by mail.

cause for an enlargement of time existed because "she needs professional legal help to be able to properly prepare it," and "needs additional time in order to be able find and obtain such help," and "to find a source of monetary assistance to help her pay for such help." (*Id.* at 2.)

On December 13, 2010, Plaintiff filed the instant Motion for Reconsideration. (Doc. # 77.)

Finding that Plaintiff has established good cause for an enlargement of time, the Court will allow a one-time extension of time, grant the Motion for Enlargement of Time (Doc. # 66), and accept Plaintiff's Motion for Reconsideration (Doc. # 77).

In the instant Motion for Reconsideration, Plaintiff contends that the November 5 Minute Order "constituted a plain error of law." (Doc. # 77 at 2.) Despite the fact that the November 5 Minute Order only struck Plaintiff's Responsive Pleading (Doc. # 49)[5], Plaintiff now asks the Court to restore the Responsive Pleading and reverse the Magistrate Judge's denial of her three prior attempts to file a surreply (Doc. ## 38, 42, and 44). (*Id.* at 4.) Finally, Plaintiff concedes that her filings at Doc. ## 38, 42, 44, and 49 "are similar, in terms of their contents [sic], and were filed with the same intent – to be a reply to Defendants' Reply contained in Docket 35." (*Id.* at 5.)

As Defendants duly noted in their Motion to Strike Plaintiff's responsive Pleading, neither the Federal Rules of Civil Procedure nor the Court's Local Rules explicitly afford

---

[5]   The November 5 Minute Order also struck Doc. # 57, which is not the subject of the instant Motion.

litigants an opportunity to file a surreply.  In an attempt to argue that the Court should

allow a surreply in this instance, Plaintiff misstates the undersigned's holding in *Pirnie*

*v. Key Energy Services, LLC*, No. 08-cv-01256, 2009 U.S. Dist. LEXIS 42012 (D. Colo.

May 15, 2009).  (*Id.* at 3) ("Even if Plaintiff's potential answer to Defendant's Reply were

a Sur-reply, District Court Judge C. Arguello would have allowed it, judging from the

substance of her ruling in [*Pirnie*.]").  However, the opportunity to file a surreply is not

a foregone conclusion.  While the Tenth Circuit Court of Appeals has held that a district

court has discretion to permit a written surreply brief,[6] "a surreply brief is necessary only

if the reply brief raises new material that was not included in the original motion." *Pirnie*,

2009 U.S. Dist. LEXIS 42012, at *2 (finding impropriety of, and striking, surreply brief

where the tendering party failed to show that a surreply was necessary).  In the instant

case, as noted above, Plaintiff has time and time again stated that, in seeking leave to

file a surreply, she is attempting to restate and reiterate every argument she has

previously set forth, and all of the at-issue filings were intended to be a surreply.  (*See*,

*e.g.*, Doc. ## 49, 77).  At no time has Plaintiff stated that a surreply is necessary to

respond to new material asserted in Defendants' Reply in Support of their Combined

Motion to Dismiss.  Therefore, the Court finds no clear error in Magistrate Judge

Watanabe's November 5 Minute Order to strike Plaintiff's Responsive Pleading

(Doc. # 49), as his decision comports with the Federal Rules of Civil Procedure, the

court's Local Rules, and case law.  Likewise, to the extent that Plaintiff seeks reversal of

---

[6]  *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

Magistrate Judge Watanabe's denials of Plaintiff's three prior attempts to file surreplies, the Court finds no clear error in those decisions.  (Plaintiff's surreplies at Doc. ## 38, 42, and 44; Magistrate Judge's denials at Doc. ## 41, 46.)

Accordingly, Plaintiff's Motion for Reconsideration of the Magistrate Judge's Order Granting Defendants' Motion to Strike Plaintiff's Responsive Pleading (Doc. # 77) is denied.  No further attempts to file a surreply to Defendants' Motion to Dismiss will be tolerated, without a showing of good cause, and any such filing will be stricken from the record.

## B.    PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER VACATING SETTLEMENT CONFERENCE (DOC. # 80)

On November 12, 2010, Defendants filed a Motion to Vacate Settlement Conference Scheduled for November 18, 2010 Before Magistrate Judge Watanabe. (Doc. # 61.)  Defendants sought to vacate the settlement conference for "good cause," because their Motion to Dismiss Plaintiff's Amended Complaint is pending and is ripe for recommendation by Magistrate Judge Watanabe and, because of the dispositive motion's pendency, the case has been stayed.  (*Id.* at 2.)  Magistrate Judge Watanabe granted the Motion on November 15, 2010 ("November 15 Order").  (Doc. # 63.)  Any objections to the Magistrate Judge's November 15 Order were due December 2, pursuant to Fed. R. Civ. P. 72(a) and Fed. R. Civ. P. 6(d).

On December 2, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), Plaintiff timely filed a Motion for Reconsideration of Magistrate's Order Granting Defendants' Motion to Vacate Settlement Conference Scheduled for November 18,

10

2010 Before Magistrate Judge Watanabe ("First Settlement Conference Motion for

Reconsideration").  (Doc. # 68.)  Because Plaintiff's Motion was not styled clearly as an

objection to the Magistrate Judge's November 15 Order, this Court referred the Motion

to Magistrate Judge Watanabe.  (Doc. # 69.)

On December 7, 2010, via a Minute Order, Magistrate Judge Watanabe denied

Plaintiff's First Settlement Conference Motion for Reconsideration on grounds that

Plaintiff did "not set forth any manifest error of law or fact or present newly discovered

evidence."  (Doc. # 71 at 2.) Plaintiff timely-filed the instant Motion for Reconsideration

of Order Vacating Settlement Conference ("Second Settlement Conference Motion for

Reconsideration," or "Second Motion") on December 23, 2010.  In this Second Motion,

Plaintiff accuses Magistrate Judge Watanabe of, "on quite a few occasions . . .  act[ing]

in blatant, willful and wanton violation of the law which resulted in Plaintiff's interests

being adversely affected for the benefit of Defendants," and having "contempt for her."

(Doc. # 80 at 3, 6; *see also id.* at 5 ("[T]he Magistrate has followed [a trend] since

September 1, 2010 (when he illegally ruled against Plaintiff for the first time), of

consistently ruling in favor of Defendants and to the detriment of Plaintiff, in a blatant,

willful, wanton, and malicious violation of the law. On the groundless or fraudulent

demands of Defendants, or his own, he illegally (with a single exception) struck or

denied all of Plaintiff's pleadings – a total of nine to this date.").)  Plaintiff also contends

that the November 15 Order was "illegitimate."  (*Id.* at 3, 4.)  Plaintiff further states that

she intends to seek Magistrate Judge Watanabe's recusal in a forthcoming motion.  (*Id.*)

The purpose of Plaintiff's First Settlement Conference Motion for Reconsideration

is unclear.  The Motion also evidences Plaintiff's penchant for baselessly accusing

Magistrate Judge Watanabe of bias and wrongdoing.  In the Motion, Plaintiff confusingly

states, "This Motion is not intended to either modify or set aside Magistrate's Order

Granting Defendants' Motion to Vacate Settlement Conference, or any portion of it.

Rather, its intent is to appeal the magistrate's order in question for being biased towards

Plaintiff in that it is clearly erroneous, contrary to law, favoring Defendants and

prejudicing Plaintiff."  (Doc. # 68 at 2.)  In support of her bias allegations, Plaintiff

complains of Defendants' purported failure to comply with the Local Rules when they

filed their Motion to Vacate Settlement Conference.  In particular, Plaintiff complains that

Defendants failed to make a good faith effort to confer with her prior to the Motion's

filing, as required under Local Rule 7.1, and Defendants failed to file their motion to

vacate five business days in advance of the conference date, as required under Local

Rule 16.6.  (Doc. # 68 at 2.)

Although Plaintiff does "not intend[ ] to either modify or set aside Magistrate's

Order Granting Defendants' Motion to Vacate Settlement Conference," Plaintiff asks

this Court to "enter an Order granting her Plaintiff's Motion for Reconsideration of

Magistrate's Order pursuant to 28 §626(b)(1)(A) [sic], based on Plaintiff's allegation

of magistrate's bias towards her."  (*Id.* at 2-3.)  Plaintiff also asks the Court to instruct

Magistrate Judge Watanabe to "refrain from any such future biased actions towards Plaintiff in his handling of her section 1983 action." (*Id.*)

Having reviewed Defendants' Motion to Vacate Settlement Conference, Magistrate Judge Watanabe's November 15 Order, Plaintiff's First and Second Settlement Conference Motions for Reconsideration, and the December 7, 2010 Minute Order, the Court finds no clear[7] or manifest[8] error in the Magistrate Judge's November 15 Order vacating the settlement conference or in the December 7 Order denying Plaintiff's First Settlement Conference Motion for Reconsideration.  Further, despite Plaintiff's allegations of prejudice, the Court finds no prejudice or manifest injustice[9] arising from the November 15 or December 7 Orders.

It is well-established that a court has wide discretion in handling pretrial matters and in applying local rules.  Despite the fact that Defendants may not have adhered directly to the Local Rules when filing their Motion to Vacate Settlement Conference, the Magistrate Judge's decision to accept the Motion was not an abuse of discretion, was not unquestionably erroneous, did not amount to error that was direct, obvious, and observable, and was not in complete disregard of controlling law.  Based on the Court's

---

[7] "Clear error" is defined as, a judicial decision or action "that appears to a reviewing court to have been unquestionably erroneous." BLACK'S LAW DICTIONARY 243 (2d pocket ed. 2001).

[8] "Manifest error" is defined as, "An error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." BLACK'S LAW DICTIONARY 243-44 (2d pocket ed. 2001) (emphasis added).

[9] "Manifest injustice" is defined as, "An error in the trial court that is direct, obvious, and observable . . . ." BLACK'S LAW DICTIONARY 436 (2d pocket ed. 2001) (emphasis added).

review of the record, Magistrate Judge Watanabe has presided over this case with the utmost competence and adherence to the law.  Plaintiff's attacks on Magistrate Judge Watanabe amount to an attack on "one of the principal purposes of our court systems – to provide a safe, effective forum for resolving disputes that is characterized by civility." *Lynn v. Roberts*, No. 01-3422, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished).  Any further verbal attacks on, and baseless accusations against, the judiciary, by Plaintiff, will not be tolerated and may cause the striking of any pleadings from the record in which such attacks are contained.  Plaintiff is further warned that repeated attempts to seek reconsideration of any single motion will also not be tolerated and may cause the striking of such multiple and cumulative motions from the record.

Accordingly, for the foregoing reasons, Plaintiff's Second Settlement Conference Motion for Reconsideration (Doc. #80) is denied.

## C.   MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO AMEND (DOC. # 86)

On November 19, 2010, Plaintiff filed a Motion for Leave to Amend Pleadings Pursuant to Fed. R. Civ. P. 15(a)(2), Fed. R. Civ. P. 16(b)(4) and D.C.COLO.LCivR 16.1.  (Doc. # 65.)  Plaintiff filed the Motion for Leave in response to a November 5, 2010 Court Order in which Magistrate Judge Watanabe struck Plaintiff's October 19, 2010 filing of a second amended pleading, due to Plaintiff's failure "to obtain written consent of the defendants or to leek [sic] leave of court to file amendments to her pleading."  (Plaintiff's Motion at Doc. # 65; Order at Doc. # 60.)  On December 17, 2010, via a Minute Order ("December 17 Minute Order"), Magistrate Judge Watanabe denied

14

Plaintiff's Motion for Leave to Amend Pleadings, on grounds that it was filed after a Court-imposed deadline to amend pleadings and Plaintiff had failed to establish excusable neglect.  (Doc. # 79, referring to arguments contained in Doc. # 72 at 2-4.) Pursuant to Fed. R. Civ. P. 72(a) and Fed. R. Civ. P. 6(d), any objections were due on January 3, 2011.

On January 4, 2011, one day after the deadline to object to the December 17 Minute Order, Plaintiff filed the instant Motion for Reconsideration of Order Denying Leave to Amend.  (Doc. # 86.)  Plaintiff does not set forth any good reasons for the untimely filing and she does not appear to have filed any motions for an extension of time to object to the December 17 Minute Order.  Further, Plaintiff supports her Motion with sarcasm.  As an example, Plaintiff states, "Obviously, [the December 17 Minute Order] suggests that [Magistrate Judge Watanabe] had found [Defendants' arguments] to be a major treasure-trove of gospel grade claims and allegations against Plaintiff which had won his unreserved praise, admiration, adulation, and approval."  (*Id.* at 2.) Additionally, Plaintiff once again accuses Magistrate Judge Watanabe of being dishonest and partial and "gross[ly] abus[ing]" his discretion.  (*Id.* at 3, 4.)  Finally, Plaintiff raises no new arguments, but concedes that she only wishes to re-assert the arguments set forth in support of her Reply in support of her Motion for Leave to Amend Pleadings (Doc. # 81).  (*Id.* at 3.)  In sum, Plaintiff raises no new arguments.

As with the other already-discussed Orders issued by Magistrate Judge Watanabe, the Court finds that the December 17 Minute Order is not clearly erroneous

or contrary to law.  Despite the fact that Plaintiff's instant Motion for Reconsideration of Order Denying Leave to Amend is untimely, the Court has considered the merits of the arguments contained therein.  Based on the foregoing, Plaintiff's Motion for Reconsideration (Doc. # 86) is denied.

**D.    MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO ORDER STRIKING PLAINTIFF'S AMENDMENT TO PLEADINGS (DOC. # 66)**

On November 19, 2010, Plaintiff filed a Motion for Enlargement of Time to File a Response to Order Striking Plaintiff's Amendment to Pleadings  (Doc. # 66.)   In this Motion, Plaintiff appears to seek an extension of time to respond to Magistrate Judge Watanabe's November 5, 2010 Minute Order (Doc. # 60) striking Plaintiff's October 19, 2010 filing of a second amended pleading.  However, on November 19, Plaintiff also filed a Motion for Leave to Amend Pleadings (Doc. # 65).  Therefore, the November 19 filing of Plaintiff's Motion for Leave to Amend Pleadings appears to have rendered moot the instant Motion for Enlargement of Time.

Accordingly, Plaintiff's Motion for Enlargement of Time to File a Response to Order Striking Plaintiff's Amendment to Pleadings (Doc. # 66) is denied as moot.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1)    Plaintiff's Moton [sic] for Reconsideration of Magistrate's Order Granting Defendants' Motion to Strike Plaintiff's "Resposive [sic] Pleading to Thiis [sic] Court's Order Denying Her Motion to Dismiss Plaintiff's Amended

Complaint Pursuant to Court Orders and D.C.COLO.LCivR 7.1 (Doc. # 77) is DENIED;

(2)     Plaintiff's Motion for Reconsideration, by District Court Judge C. Arguello, of Magistrate Judge M. Watanabe's Order Denying Plaintiff's Motion for Reconsideration of Magistrate's Order Granting Defendants' Motion to Vacate Settlement Conference Scheduled for November 18, 2010 Before Magistrate Judge Watanabe (Doc. # 80) is DENIED;

(3)     Plaintiff's Motion for Reconsideration of Magistrate Judge Watanabe's Order Denying Plaintiff's Motion for Leave to Amend Pleadings Pursuant to Fed. R. Civ. P. 15(a)(2), Fed. R. Civ. P. 16(b)(4) and D.C.COLO.LCivR 16.1 (Doc. # 86) is DENIED;

(4)     Motion for Leave for Enlargement of Time to File a Responsive Pleading to this Court's Order Granting Defendants' Motion to Strike Plaintiff's "Responsive Pleading to this Court's Order Denying Her Motion to Dismiss Defendants' Reply in Support of Their Combined Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Court Orders and D.C.COLOLCiv.R 7.1 (Doc. # 64) is GRANTED; and

(5)     Motion for Leave for Enlargement of Time to File a Responsive Pleading to This Court's Order Granting Defendants' Motion to Strike Plaintiff's Amendment to Pleadings Pursuant to Fed. R. Civ. P. 12(f), Court Orders and D.C.COLO.LCivR 7.1 (Doc. # 66) is DENIED AS MOOT.

IT IS FURTHER ORDERED THAT:

(1)     No further attempts by Plaintiff to file a surreply to Defendants' Combined

        Motion to Dismiss (Doc. # 17) will be tolerated, without a showing of good

        cause, and any such filing will be stricken from the record, when no good

        cause has been shown; and

(2)     No further verbal attacks on, and baseless accusations against, the

        judiciary, by Plaintiff, will be tolerated.  Any further pleadings containing

        such attacks and accusations may be stricken from the record.

DATED:  January __18__, 2011

                                            BY THE COURT:

                                            _____
                                            CHRISTINE M. ARGUELLO
                                            United States District Judge

18