**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01238-CMA-MJW

MALINA LAZAROV,

    Plaintiff,

v.

JAMES KIMMEL,
SUZANNE STAIERT,
JOHN JONES,
TRENT COOPER

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME
(DOC. ## 92, 93), AFFIRMING AND ADOPTING JANUARY 21, 2011 MAGISTRATE
JUDGE RECOMMENDATION (DOC. # 90), AND DISMISSING THE ACTION
WITH PREJUDICE**

---

This matter is before the Court on the following motions filed by *pro se* Plaintiff Malina Lazarov:

(1) Motion for Extension of Time to Respond to Judge C. Arguello's Order Denying Plaintiff's Motions for Reconsideration, Granting Motion for Leave for Enlargement of Time, and Denying as Moot Plaintiff's Motion for Leave for Enlargement of Time ("Motion for Extension of Time to Respond to Judge C. Arguello's Order") (Doc. # 92); and

(2) Plaintiff's Motion for Extension of Time to Object to Magistrate Judge M. Watanabe's Recommendation on (1) Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint (CM/ECF Docket No. 15) Pursuant to Fed. R. Civ. P. 12(B)(6) (Docket No. 17) and (2) Plaintiff's Motion to Dismiss Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 30) ("Motion for Extension of Time to Object to Magistrate Judge Watanabe's Recommendation") (Doc. # 93).

This matter is also before the Court on Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint (CM/ECF Docket No. 15) Pursuant to Fed. R. Civ. P. 12(B)(6) ("Defendants' Combined Motion to Dismiss") (Doc # 17), Plaintiff's Motion to Dismiss Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint ("Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss") (Doc. # 30), and Plaintiff's Motion for Reconsideration of Magistrate Judge Watanabe's [December 29, 2010] Order Denying Plaintiff's Motion to Dismiss Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend Pleadings Pursuant to Fed. R. Civ. P. 15(a)(2), Fed. R. Civ. P. 16(b)(4), and D.C.COLO.LCivR 16.1 ("Plaintiff's Motion for Reconsideration of December 29 Minute Order") (Doc. # 88).

For the following reasons, Plaintiff's Motions for Extension of Time (Doc. ## 92 and 93) are denied, Magistrate Judge Watanabe's Recommendation (Doc. #90) is affirmed and adopted, and, accordingly, Defendants' Combined Motion to Dismiss (Doc # 17) is granted and Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss (Doc. # 30) is denied; Plaintiff's Motion for Reconsideration of December 29 Minute Order (Doc. #88) is denied as moot; and this case is dismissed with prejudice.

## I. BACKGROUND[1]

Plaintiff initially commenced this action in Arapahoe County District Court against Defendants James Kimmel, the former Municipal Judge of the City of Littleton; Suzanne Staiert, the Littleton City Attorney; John Jones, an officer with the Littleton Police Department; and Trent Cooper, a lieutenant with the Littleton Police Department. As articulated in her original complaint, the action arises from an allegedly "illegal citation, an illegal trial and an illegal sentence [for reporting false information]" that Defendants had "impos[ed]" upon Plaintiff after she reported a series of noise violations in her residential building. (Doc. # 1-3 at 2, 4-5.) In pertinent part, Plaintiff alleges that "defendants either committed or instigated others to commit against her violations of [various rules, codes, covenants, and ordinances of Littleton, Colorado and the State of Colorado]." (*Id.* at 2.)

The original complaint did not contain any citations to federal law; rather, it contained only citations to municipal and state rules. Accordingly, on June 8, 2010, the Court directed Plaintiff to file an amended complaint and state the "reasons for federal jurisdiction, clearly articulate her specific claims for relief against each Defendant, identify the federal statutory or constitutional authorities implicated in her allegations against Defendants, and otherwise comport with [the Court's] Order." (Doc. # 9 at 4.)

---

[1] A more complete recitation of the facts is set forth in the United States Magistrate Judge Michael J. Watanabe's January 21, 2011 Recommendation (Doc. # 90), which is incorporated herein by reference. 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). On June 4, 2010, this case was referred to Magistrate Judge Watanabe for the handling of all non-dispositive, pre-trial matters and for issuing recommendations on dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (Doc. # 7.)

On July 7, 2010, Plaintiff filed a First Amended Complaint ("Complaint"). (Doc. # 15.) While the factual premise remains the same, Plaintiff now asserts that her claims arise under 42 U.S.C. § 1983, due to Defendants' alleged violations of Plaintiff's constitutional rights under the First, Eighth, and Fourteenth Amendments. (*See* Doc. # 15 at 2).

On July 19, 2010, Defendants filed their Combined Motion to Dismiss (Doc. # 17), which was referred to Magistrate Judge Watanabe on July 19, 2010 (Doc. # 18). On August 26, 2010, Plaintiff filed a Motion to Dismiss Defendants' Motion to Dismiss (Doc. # 30), which motion was also referred to Magistrate Judge Watanabe (*see* Doc. # 32), and a Response to the Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 31). On September 1, 2010, Defendants filed a Reply in support of their Motion to Dismiss. (Doc. # 35.)

On December 29, 2010, Magistrate Judge Watanabe issued a Minute Order ("December 29 Minute Order") denying a "Motion to Dismiss Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend Pleadings Pursuant to Fed. R. Civ. P. 15(a)(2), Fed. R. Civ. P. 16(b)(4) and D.C.COLO.LCivR 16.1" (Doc. # 83), which Plaintiff had filed on December 27, 2010, and which Magistrate Judge Watanabe construed as a motion to strike. (Doc. # 85.) On January 18, 2011, Plaintiff filed a Motion for Reconsideration of the December 29 Minute Order. (Doc. # 88.)

On January 18, 2011, the Court issued an Order denying the following then-pending motions for reconsideration and extensions of time that Plaintiff had filed:

(1) Plaintiff's Moton [sic] Reconsideration of Magistrate's Order Granting Defendants' Motion to Strike Plaintiff's "Resposive [sic] Pleading to Thiis [sic] Court's Order Denying Her Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Court Orders and D.C.COLO.LCivR 7.1 (Doc. # 77);

(2) Plaintiff's Motion for Reconsideration, by District Court Judge C. Arguello, of Magistrate Judge M. Watanabe's Order Denying Plaintiff's Motion for Reconsideration of Magistrate's Order Granting Defendants' Motion to Vacate Settlement Conference Scheduled for November 18, 2010 Before Magistrate Judge Watanabe (Doc. # 80);

(3) Plaintiff's Motion for Reconsideration of Magistrate Judge Watanabe's Order Denying Plaintiff's Motion for Leave to Amend Pleadings Pursuant to Fed. R. Civ. P. 15(a)(2), Fed. R. Civ. P. 16(b)(4) and D.C.COLO.LCivR 16.1 (Doc. # 86);

(4) Motion for Leave for Enlargement of Time to File a Responsive Pleading to this Court's Order Granting Defendants' Motion to Strike Plaintiff's "Responsive Pleading to this Court's Order Denying Her Motion to Dismiss Defendants' Reply in Support of Their Combined Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Court Orders and D.C.COLOLCiv.R 7.1 (Doc. # 64); and

(5) Motion for Leave for Enlargement of Time to File a Responsive Pleading to This Court's Order Granting Defendants' Motion to Strike Plaintiff's Amendment to Pleadings Pursuant to Fed. R. Civ. P. 12(f), Court Orders and D.C.COLO.LCivR 7.1 (Doc. # 66).

Additionally, the Court allowed Plaintiff a "one-time extension of time" and granted Plaintiff's "Motion for Leave for Enlargement of Time to File a Responsive Pleading to this Court's Order Granting Defendants' Motion to Strike Plaintiff's 'Responsive Pleading to this Court's Order Denying Her Motion to Dismiss Defendants' Reply in Support of Their Combined Motion to Dismiss Plaintiff's Amended Complaint' Pursuant to Court Orders and D.C.COLOLCiv.R 7.1" (Doc. # 64).

On January 21, 2011, United States Magistrate Judge Michael J. Watanabe issued a Recommendation ("January 21 Recommendation") (Doc. # 90) that Defendants' Combined Motion to Dismiss (Doc. # 17) be granted and Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss (Doc. # 30) be denied.

On February 2 and 4, 2011, Plaintiff filed the Motion for Extension of Time to Respond to Judge C. Arguello's Order (Doc. # 92) and Motion for Extension of Time to Object to Magistrate Judge Watanabe's Recommendation (Doc. # 93), respectively.

## II. STANDARDS OF REVIEW

### A. REVIEW OF A MAGISTRATE JUDGE'S DECISION

Pursuant to Fed. R. Civ. P. 72(b), the district court must consider a party's timely objections to a magistrate judge's recommendation on dispositive matters. Objections are timely if filed by a party within 14 days after being served a copy of the magistrate judge's order. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636.

In the absence of timely objections to a magistrate judge's recommendation, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")).

In the instant case, the January 21 Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a

copy of the Recommendation. (Doc. # 90 at 14.) Accordingly, pursuant to Fed. R. Civ. P. 72(b)(2) and Fed. R. Civ. P. 6(d),[2] any objections to the January 21 Recommendation would have been due February 7, 2011. Plaintiff has failed to file timely any objections and, as discussed below, the Court denies Plaintiff's Motion for Extension of Time to Object to Magistrate Judge Watanabe's Recommendation for failure to establish good cause. Accordingly, the Court has reviewed Magistrate Judge Watanabe's January 21 Recommendation under a clear error standard.

**B.      PLAINTIFF'S *PRO SE* STATUS**

Because Plaintiff is proceeding *pro se,* the Court, "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the plaintiff's *pro se* status does not entitle her to application of different rules or leniency with respect to court deadlines. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002); *see also Bryant v. City and County of Denver*, No. 09-cv-01398, 2010 U.S. Dist. LEXIS 136759, at *4-*5 (D. Colo. Dec. 7, 2010) (unpublished); *Williams v. Moschetti*, No. 06-cv-00121, 2006 WL 3365476, at *1 (D. Colo. Nov. 20, 2006) (unpublished) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)).

---

[2] "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) [*i.e.*, by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." Because Plaintiff is *pro se*, the January 21 Recommendation was served by mail.

**C.      MOTIONS TO DISMISS**

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "accept[s] all the well-pleaded allegations of the complaint as true" and "construe[s] them in the light most favorable to the plaintiff." *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). The Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that" the alleged claim might have occurred. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citation and quotation marks omitted). "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *The Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177.

In evaluating the plausibility of a given claim, the Court "need not accept conclusory allegations" without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

## III. ANALYSIS

### A. PLAINTIFF'S MOTIONS FOR EXTENSIONS OF TIME (Doc. ## 92, 93)

In the instant Motions for Extensions of Time, Plaintiff complains that she only has sixteen days to respond to the Court's rulings, she needs time to consult a lawyer who specializes in constitutional law, she cannot afford a lawyer at this time, and she "needs additional time to find both such lawyer and the funds to pay for his or her services." (Doc. ## 92 and 93 at 3.) In both Motions, Plaintiff seeks an extension of time of 21 days.

At the outset, the Court notes the instant Motions are Plaintiff's sixth and seventh requests for extensions of time in a case that has been pending for less than a year. (*See* Doc. ## 11, 22, 25, 64, and 66.) In four of her requests, Plaintiff has asserted a need for time to find a lawyer. (Doc. ## 64, 66, 92, and 93.) In other requests, Plaintiff has blamed her neighbor (Doc. # 25), lack of time due to court appearances or psychological evaluations (Doc. # 22), or poor heath (Doc. # 11).

The Court finds that Plaintiff has failed to establish good cause for an extension of time. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause,[3] extend the time[.]"). Plaintiff first asserted a need for time to hire a lawyer in November 2010 and, thus, has had approximately three months to obtain appropriate counsel in a case she first initiated

---

[3] "Good cause" is a "legally sufficient reason." BLACK'S LAW DICTIONARY 89 (3d pocket ed. 2001).

9

in Arapahoe County District Court on April 1, 2010. Further, as previously noted, Plaintiff's *pro se* status does not entitle her to leniency with respect to court deadlines, and the Court previously allowed Plaintiff a "one-time extension of time" to obtain legal counsel. (Doc. # 89 at 8) (ruling on a motion for extension of time filed in November 2010). Accordingly, Plaintiff's Motion for Extension of Time to Respond to Judge C. Arguello's Order (Doc. # 92)[4] and Motion for Extension of Time to Object to Magistrate Judge Watanabe's Recommendation (Doc. # 93) are denied.

## B. DEFENDANTS' COMBINED MOTION TO DISMISS (DOC. # 17)

Defendants seek dismissal, with prejudice, of the Complaint because: (1) it fails to state a claim under the First, Eighth, and Fourteenth Amendments and 42 U.S.C. § 1983; (2) absolute judicial immunity bars Plaintiff's claims against Defendant Kimmel; (3) absolute prosecutorial immunity bars Plaintiff's claims against Defendant Staiert; and (4) qualified immunity also bars Plaintiff's claims against all Defendants. (Doc. # 17 at 4-10.)

Having reviewed the Magistrate Judge's Recommendation and the applicable authority, the Court is of the opinion that the findings and conclusions of Magistrate

---

[4] Although the Court may not serve as a *pro se* plaintiff's advocate or provide legal advice, the Court notes that Plaintiff mistakenly believes that the Federal Rules of Civil Procedure only allow her 14 days to seek reconsideration of the undersigned's January 18, 2011 Order Denying Plaintiff's Motions for Reconsideration, Granting Motion for Leave for Enlargement of Time, and Denying as Moot Plaintiff's Motion for Leave for Enlargement of Time. (Doc. # 89). However motions for reconsideration are construed under either Fed. R. Civ. P. 59(e), which allows 28 days to file such motion, or 60(b), which states that such motions must be filed "within a reasonable time," but "no more than a year" after the order's entry, and enumerates specific grounds for relief, which, in the Court's view, Plaintiff has not and cannot satisfy.

Judge Watanabe are correct. Even accepting all well-pled factual allegations in the Complaint as true and resolving all reasonable inferences in Plaintiff's favor, the Court finds no clear error in Magistrate Judge Watanabe's assessment that Plaintiff has failed to state claims for relief under the First, Eighth, and Fourteenth Amendments and under 42 U.S.C. § 1983. Additionally, the Court concurs with Magistrate Judge Watanabe's assessment that Defendant Kimmel, whom Plaintiff sued in his former capacity as a municipal judge for the City of Littleton, is entitled to absolute judicial immunity; Defendant Staiert, whom Plaintiff sued in her capacity as Littleton's City Attorney, is entitled to absolute prosecutorial immunity; and all Defendants, whom Plaintiff sued for discretionary actions allegedly taken while exercising their duties as governmental officials, are entitled to qualified immunity. To defeat Defendants' qualified immunity defense, Plaintiff needed to satisfy two steps: (1) establish that Defendants violated a constitutional or statutory right and (2) establish that the right was clearly established in the law at the time of the violation. *PETA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1207 (10th Cir. 2002). Because Plaintiff has failed to establish that Defendants violated a constitutional right, Defendants are entitled to qualified immunity.

Accordingly, Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 17) is granted and this action is dismissed with prejudice.

### C. PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' MOTION TO DISMISS (DOC. # 30)

In this Motion, Plaintiff "moves this Court for an Order dismissing Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint with prejudice," and notes that this Motion "is a companion to Plaintiff's Response to Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint" and "seeks to dismiss the opposing party's dispositive motion[.]" (Doc. # 30 at 1.)

Because the Court has granted Defendants' Combined Motion to Dismiss and dismissed this action with prejudice, the Court agrees with Magistrate Judge Watanabe's recommendation that Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss (Doc. # 30) should be denied.

### IV. CONCLUSION

Accordingly, based on the foregoing, IT IS ORDERED THAT:

(1) United States Magistrate Judge Michael J. Watanabe's January 21, 2001 Recommendation (Doc. # 90) is AFFIRMED and ADOPTED;

(2) Defendants' "Combined Motion to Dismiss Plaintiff's Amended Complaint (CM/ECF Docket No. 15) Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. # 17) is GRANTED;

(3) Plaintiff's Motion to Dismiss Defendants' Combined Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 30) is DENIED;

(4) Plaintiff's "Motion for Reconsideration of Magistrate Judge Watanabe's Order Denying Plaintiff's Motion to Dismiss Defendants' Response in

Opposition to Plaintiff's Motion for Leave to Amend Pleadings Pursuant to Fed. R. Civ. P. 15(a)(2), Fed. R. Civ. P. 16(b)(4) and D.C.COLO.LCivR 16.1" (Doc. # 88) is DENIED AS MOOT; and

(5) This action is DISMISSED WITH PREJUDICE.

DATED: February  09 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge