**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01238-CMA

MALINA LAZAROV,

    Plaintiff,

v.

JAMES KIMMEL,
SUZANNE STAIERT,
JOHN JONES,
TRENT COOPER

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR A STAY OF FINAL JUDGMENT OF A DISTRICT COURT PENDING APPEAL**

---

This matter is before the Court on *pro se* Plaintiff Malina Lazarov's Motion for Stay of a Final Judgment of a District Court Pending Appeal ("Motion for Stay"), which Plaintiff filed pursuant to Fed. R. App. P. 8(a)(1).  (Doc. #98).  For the following reasons, Plaintiff's Motion is denied.

On February 9, 2011, this Court issued an Order Denying Plaintiff's Motions for Extension of Time, Affirming and Adopting a January 21, 2011 Magistrate Judge Recommendation, and Dismissing the Action with Prejudice.  (Doc. #94).  Pursuant to the Court's February 9 Order, the Clerk of Court entered Final Judgment in favor of Defendants James Kimmel, Suzanne Staiert, John Jones, and Trent Cooper and against Plaintiff Malina Lazarov.  (Doc. #95).  On March 8, 2011, Plaintiff timely-filed a Notice of Appeal (Doc. #97), as well as the instant Motion for Stay.

Pursuant to Fed. R. App. P. 8(a)(1), "A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal[.]" However, an "[a]ppellant is not required to seek a stay of the judgment pending appeal," and an appellant "does not lose the right of appeal merely because the judgment has been executed or otherwise acted on if effective relief following reversal would be available." 20 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 308.11 at 308-8 (3d ed. 2010). Further, a stay is within the discretion of the court. *See id.* at § 308.21 at 308-15.

In order to obtain a discretionary stay under Rule 8(a), the movant must address the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 851 (10th Cir. 2003). "In essence, the four-part test requires the party seeking a stay to demonstrate that the injury it would sustain if the stay did not issue outweighs the harm the stay would cause the party opposing the stay." *In re Yellow Cab Coop. Ass'n*, 192 B.R. 555, 557 (D. Colo. 1996) (citing *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1498 (10th Cir. 1993)).

In support of the instant Motion, Plaintiff asserts that she "believes that the instant Final Judgment – dismissing her action with prejudice – is unjust and that she is able to prove it on appeal in the Court of Appeals." (Doc. #98 at 2). Plaintiff has failed to address any of the aforementioned factors. Further, Plaintiff will be hard-pressed to establish irreparable harm if the Final Judgment, which does not include any monetary award or injunctive relief for Defendants, is not stayed.

Accordingly, IT IS ORDERED THAT Plaintiff's Motion for Stay of a Final Judgment of a District Court Pending Appeal (Doc. #98) is DENIED.

DATED: March 11, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge